IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| AMY BERG, | : | |
|     Movant, | : | |
| | : | |
| v. | : | Case No. 3:19-cr-1(CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
|     Respondent. | : | |
| | : | |

### ORDER ON MOTIONS FOR CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Before the Court are Movant Amy Berg's Motions for a Certificate of Appealability ("COA") and Leave to Appeal *In Forma Pauperis* ("IFP"). Movant seeks to appeal this Court's Order denying her Motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the following reasons Petitioner's Motions [Docs. 167 and 169] are **DENIED**.

Movant is a federal prisoner serving 210 months imprisonment after she pleaded guilty to one count of possession of methamphetamine with the intent to distribute. Movant filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence arguing her counsel was ineffective for failing to advise her of the risk of sentencing exposure, failing to conduct an adequate evidentiary investigation, failing to review the evidence

1

with Movant, and failing to review the plea agreement with Movant. This Court adopted the Magistrate Judge's report and recommendation and denied her petition. Movant now seeks to obtain a COA and for leave to appeal IFP.

A federal prisoner seeking to appeal a district court's final order denying her petition for a writ of habeas corpus has no absolute entitlement to appeal but must obtain a COA.[1] Pursuant to 18 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." Because the Court denied Movant's petition on the merits, she must show that "jurists of reason could disagree with the district court's resolution of [a movant's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[2]

Here, reasonable jurists would not debate the Court's denial of Movant's claims or conclude the issues presented are adequate to proceed further. The record clearly establishes that prior to her entry of a guilty plea, Movant understood based upon her plea colloquy that she was potentially subject to a sentence of up to 240 months' imprisonment (Movant received a sentence of 210 months' imprisonment). Moreover, Movant cannot show, given the weight of evidence against her, that she "would not have pleaded guilty and would have insisted on going to trial" had counsel performed

---

[1] 28 U.S.C. § 2253(c)(1)(A).
[2] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

differently.[3] Finally, her claim that counsel failed to review the plea agreement with her is rebutted by the record.

Accordingly, the Court **DENIES** Movant's Motion for a COA [Doc. 169]. As there are no non-frivolous issues to raise on appeal, Movant cannot appeal in good faith. Thus, the Court **DENIES** Movant's Motion for Leave to Appeal IFP [Doc. 167].

**SO ORDERED** this 14th day of March, 2022.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).